United States District Court
Southern District of Texas
**ENTERED**
July 23, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | | |
|---|---|---|
| **MARIA RAWLS, INDIVIDUALLY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROGER RAWLS, DECEASED, AND AS NEXT FRIEND OF R.A.R. AND R.A.R., MINOR CHILDREN,** | § § § § § § § | |
| **Plaintiff,** | § § | |
| V. | § § | **CIVIL ACTION NO. 5:19-CV-159** |
| **QUALITY DISTRIBUTION, INC. D/B/A QUALITY CARRIERS, INC.,** | § § § § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION

Before the Court for proposed approval is the settlement of the claims of R.A.R. and R.A.R., Minor Plaintiffs. The Court appointed attorney Jose Luis Castillo as guardian *ad litem* for Minor Plaintiffs. A hearing was held on the proposed settlement on July 15, 2021. For the reasons stated below, the Court **RECOMMENDS** that the District Judge approve the proposed settlement as it pertains to Minor Plaintiffs R.A.R. and R.A.R.

This case arises out of a work-related accident that occurred on October 26, 2017. (Dkt. No. 1 at 13). Maria Rawls filed suit individually, as personal representative of the Estate of Roger Rawls, Deceased, and as next of friend of R.A.R. and R.A.R. ("Minor Plaintiffs"), against Defendant Quality Distribution, Inc. d/b/a Quality Carriers, Inc. ("Defendant"). (*Id.* at 2). Plaintiffs alleged that Defendant failed to furnish an employment space free from recognized hazards or to warn decedent of the dangerous conditions of the truck and component parts, resulting in an accident that caused the death of Roger Rawls, who is Plaintiff's husband and the father of the Minor Plaintiffs. (*Id.* at 15). On December 30, 2020, the parties filed a joint notice stating that they had reached a settlement agreement, subject to Court approval. (Dkt. No. 26). The Court subsequently held a hearing on approval of Minor Plaintiffs' settlement. (Min. Entry

dated July 15, 2021).

**I. Background**

On October 26, 2017, Minor Plaintiffs' father was involved in an accident in the scope of his employment with Defendant. (Dkt. No. 1 at 13–14). Although their father received medical attention, he died a week later as a result of his injuries. (*Id.* at 14). Minor Plaintiffs therefore lost their father as a result of the accident. (*Id.*).

During the hearing on the approval of the settlement agreement, Plaintiff Maria Rawls testified that: (1) she understood the calculation of the settlement amount to be paid to each Minor Plaintiff, (2) that she was satisfied with the legal representation of herself and her children, (3) that she agrees with the settlement, and (4) that Maria Rawls, as next of friend of Minor Plaintiffs R.A.R. and R.A.R., approves of the settlement of Minor Plaintiffs' claims. Mr. Castillo, the guardian *ad litem*, testified that he reviewed the proposed settlement and settlement agreement, that he believes the terms of proposed settlement to be fair and reasonable as it pertains to the Minor Plaintiffs, and that he believes the settlement to be in the best interest of the Minor Plaintiffs. Specifically, Mr. Castillo explained that because this was a work-related accident, there is a strong possibility that the negligence claims asserted against Defendant, who was the decedent's employer, could be barred by the exclusive remedy provision of the Texas workers' compensation laws. This legal issue drastically affected the value of Plaintiffs' claims in this wrongful death lawsuit.

**II. Legal Standards**

A district court has the "inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Del Bosque v. AT&T Advert., L.P.*, 441 Fed. App'x 258, 260 (5th Cir. 2011) (quoting *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)). "The gravamen of an approvable proposed settlement is that it be 'fair, adequate, and reasonable and is not the product of collusion between the parties.'" *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

The law of the minor's domicile "presumptively . . . would control" in determining whether a next friend may settle a claim on the minor's behalf. *St. John Stevedoring Co.,*

*Inc. v. Wilfred*, 818 F.2d 397, 400 (5th Cir. 1987). Federal Rule of Civil Procedure 17 provides that a minor may sue by a next friend, as follows:

> (c) Minor or Incompetent Person
>
> [ . . . ]
>
> (2) Without a Representative. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). Additionally, Texas Rules of Civil Procedure 44, provides:

> Minors, lunatics, idiots, or persons non compos mentis who have no legal guardian may sue and be represented by "next friend" under the following rules:
>
> (1) Such next friend shall have the same rights concerning such suits as guardians have, but shall give security for costs, or affidavits in lieu thereof, when required.
>
> (2) Such next friend or his attorney of record may with the approval of the court compromise suits and agree to judgments, and such judgments, agreements and compromises, when approved by the court, shall be forever binding and conclusive upon the party plaintiff in such suit.

Tex. R. Civ. P. 44.

"A minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*. The Court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Typically, a court cannot appoint a guardian *ad litem* where the minor is already represented by someone who is considered appropriate under the law of the forum state. *Rivas v. Greyhound Lines, Inc.*, 2015 WL 13710123, at *1 (W.D. Tex. June 18, 2015).

### III. Findings of Fact and Conclusions of Law

On December 30, 2020, the parties filed a joint notice of settlement regarding the claims in this matter. (Dkt. No. 26). Pursuant to the settlement agreement, Defendant agreed to pay the total sum of $30,000 for settlement of Plaintiffs' claims in exchange for a release of all claims regarding the incident. (Dkt. No. 38 at 3–4).

At the hearing and in the written Settlement Statement, (Dkt. No.39), Plaintiffs' counsel represented that each Minor Plaintiff will receive $5,000 out of the settlement agreement for their claims. (Dkt. No. 39 at 2). Maria Rawls will receive $7,085.92 out of the settlement agreement for her claims. (*Id.*). Of the remaining settlement amount, $12,000 will go to attorneys' fees, and the remaining $914.08 will go towards litigation expenses. (*Id.* at 1).

After independent review of the proposed agreement and consideration of the parties' representations and testimony, the Court finds that the guardian *ad litem*'s report is accurate, that the Minor Plaintiffs' interests have been properly protected, and that the proposed settlement agreement is fair, reasonable, and in the Minor Plaintiffs' best interests. Furthermore, the Court finds that depositing the Minor Plaintiffs' settlement funds in the Registry of the Court until each Minor Plaintiff respectively reaches the age of majority is in the Minor Plaintiffs' best interests.

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **APPROVE** the proposed settlement as it pertains to Minor Plaintiffs R.A.R. and R.A.R. The Court further **RECOMMENDS** that, upon receipt of the settlement funds for Minor Plaintiffs, the Clerk of Court be **DIRECTED** to deposit said funds into an interest-bearing account. Minor Plaintiffs will be entitled to withdraw their respective settlement funds upon reaching eighteen years of age and upon the filing of a proper motion and order by the Court.

The Court recommends that the District Court **DISCHARGE** Mr. Castillo from his duties as guardian *ad litem*. The Court further recommends that the District Court **ORDER** that Mr. Castillo be paid a fee in the amount of **$1,650.00** as reasonable and necessary fees and expenses incurred by him, to be assessed as taxable costs of court against Defendant.[1]

The Court further **RECOMMENDS** that the parties be ordered to file their Joint Stipulation of Dismissal within **thirty days** of the entry of an order accepting this Report and Recommendation.

---

[1] At the hearing, Defense counsel stated that he was in agreement with a guardian *ad litem* fee in the amount of $1,650.00.

**IV. Parties' Waiver of Objections and Request to Adopt this Report**

At the close of the settlement hearing, all Plaintiffs and Defendants, through their counsel, waived their right to object to the proposed findings and recommendations contained in this Report, stated that they had no objection to the Court's findings, and requested that the District Court accept the findings of this Court. Therefore, the District Court may act on this Report immediately.

**SIGNED** on July 23, 2021.

John A. Kazen
United States Magistrate Judge